**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

ROBERT A. REED,

        *Petitioner-Appellant,*

v.

J. JOSEPH CURRAN, JR.; THE STATE OF
MARYLAND; DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONAL SERVICES;
G.R. HOVEY JOHNSON, Judge,

        *Respondents-Appellees.*

No. 03-6209

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CA-02-3245-PJM)

Submitted: April 21, 2003

Decided: May 27, 2003

Before MICHAEL, KING, and GREGORY, Circuit Judges.

Dismissed by unpublished per curiam opinion.

## COUNSEL

Robert A. Reed, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Robert A. Reed seeks to appeal the district court's order denying without prejudice relief on his complaint. Reed's original complaint was styled as an action arising under 42 U.S.C. § 1983 (2000). Because this complaint raised habeas corpus claims, the district court advised Reed in an order dated October 24, 2002, that his claims were more appropriately presented in a petition for relief under 28 U.S.C. § 2254 (2000). The district court then ordered Reed to respond within twenty days, and sent him the appropriate § 2254 form. Reed responded by filing a § 2254 petition on November 5, 2002. On December 12, 2002, the district court gave Reed another twenty (20) days to respond, apparently unaware that Reed had already complied with the court's prior order. On January 9, 2003, the district court entered an order dismissing Reed's case without prejudice for failure to respond. Although it is clear that the district court mistakenly dismissed Reed's case for failure to respond, we, nevertheless, dismiss this action as successive under 28 U.S.C. § 2244 (2000).

Reed amended his original § 1983 complaint by filing a § 2254 petition; however, Reed had previously filed a § 2254 petition with the district court on February 28, 2001, raising claims related to his twenty-year sentence for second degree rape. The district court dismissed that case as filed beyond the one-year limitations period under the AEDPA. *See Reed v. Curran*, No. CA-02-3245-PJM (D. Md. Apr. 11, 2001). This court dismissed the appeal on the reasoning of the district court. *Reed v. Maryland*, No. 01-6843 (D. Md. Aug. 17, 2001).

In his amended complaint in this action filed under § 2254, Reed again raises claims relating to his state court conviction for second degree rape and his subsequent twenty-year sentence. Because Reed did not seek leave from this court to file a successive § 2254 petition pursuant to 28 U.S.C. § 2244 (2000), we dismiss his current action as successive. Further, to the extent that Reed's complaint is construed as a § 1983 complaint, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because Reed has not established that his conviction has been reversed, expunged, invalidated, or called into question through federal habeas relief.

Accordingly, we deny a certificate of appealability and dismiss the appeal. We also deny Reed's motion to proceed on appeal in forma pauperis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*